■ A. Irving Amarnick, Doing Business as Amarnick Company, Respondent, v. State of New York, Appellant. (Claim No. 54164.) — Appeal from an order of the Court of Claims, entered May 3, 1972, which denied a motion by the State of New York to dismiss a claim based on breach of contract. On June 23, 1967 respondent, a distributor of mineral waters, entered an agreement with appellant which, among other things, provided that respondent would purchase fixed quantities of mineral waters from the Saratoga Springs Commission[1] for a period of 10 years. Precipitated by reductions in expenditures by the 1971 Legislature, the Saratoga Bottling Plant, Saratoga, New York, where the mineral waters were bottled by State employees, was closed as of May 13, 1971 and respondent's contract was terminated six years in advance of normal expiration. In respondent's opinion, the termination constituted a breach of contract and he seeks damages principally in the form of lost anticipated profits. In effecting the termination of the contract appellant relied upon paragraph 20 which reads as follows: "This agreement shall be binding upon the State of New York only insofar as the COMMISSION has authority to contract and funds are appropriated or available therefor and shall in no event be regarded as an individual obligation of the members of the COMMISSION, its directors, officers, agents or assigns." The crucial question presented is whether funds were "appropriated or available" for the year in question. In

---

1. The commission was then a part of the Department of Conservation and now within the jurisdiction of the Office of Parks and Recreation in the Executive Department of the State of New York.

our view respondent should be given an opportunity to submit its proof on this issue and, accordingly, the motion to dismiss by the State of New York was properly denied. This is not to be interpreted as limiting respondent's proof as to any other issues. Order affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.